IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 15-4273 |
| v. | : : | |
| BRIAN M. FRANCISCO, | : : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                       December 23, 2015

The plaintiff, State Farm Fire & Casualty Company, commenced this subrogation action by filing a complaint against the defendant, Brian M. Francisco, on August 3, 2015.  Doc. No. 1. In the complaint, the plaintiff alleges that the court has diversity jurisdiction over this action insofar as it is a citizen of the State of Illinois and the defendant is a resident of the Commonwealth of Pennsylvania.[1]  Compl. at ¶¶ 1, 3.  The plaintiff asserts a negligence cause of action against the defendant as a result of a fire on July 16, 2015, which originated in the kitchen of the property located at 2515 Girard Avenue, West Lawn, Pennsylvania.  *Id*. at ¶¶ 2, 5.  The plaintiff claims that the defendant, while cooking in the kitchen, left the stove unattended after which a fire ignited and spread into the subject property at 2315 Girard Avenue, owned by its insureds, the subrogors, Vincent and Francine Swanier. *Id*. at ¶¶ 2, 7-10. The plaintiff claims that as a result of the defendant's negligence, the subrogors suffered substantial damage to their real and personal property.  *Id*. at ¶ 11.  The plaintiff paid the subrogors, in accordance with the terms

---

[1] Although there is an issue with the jurisdictional allegation relating to the defendant, the court need not address it here.

of their homeowner's insurance policy, "monies in excess of $150,000.00" for "covered damages in connection with the fire." *Id*. at ¶ 12.

The docket entries in this case show that the Clerk of Court issued a summons for the named defendant to the plaintiff on August 4, 2015. *See* First Unnumbered Docket Entry Between Doc. Nos. 1, 2. According to Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff had 120 days, *i.e.* until December 1, 2015, to serve the summons and complaint upon the defendant. *See* Fed. R. Civ. P. 4(c)(1) (requiring plaintiff to serve summons with copy of complaint); Fed. R. Civ. P. 4(m) (requiring plaintiff to serve defendant with process "within 120 days after the complaint is filed").[2] The plaintiff has not filed a proof of service indicating that it effected service of the summons and complaint in this matter. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").

Because it appeared that the plaintiff failed to timely serve the summons and complaint, the court entered an order on December 7, 2015, requiring the plaintiff to show cause as to why the court should not dismiss the action for lack of timely service of the summons and complaint. *See* Ord. to Show Cause, Doc. No. 3.[3] The court required the plaintiff to file a written response by December 21, 2015, and stated that if it failed to respond, the court would interpret its failure as an indication that it is unopposed to the court dismissing this action. *Id.* at ¶ 2. To date, the plaintiff has not responded to the order to show cause.

---

[2] Rule 4(m) was amended on April 29, 2015, effective December 1, 2015. The amendment changed the time for serving a defendant from 120 days to 90 days. As the amendment became effective after the 90th day for service in this case, the court has applied the former version of the Rule.

[3] In the order to show cause, the court noted that the undersigned's civil deputy sent the plaintiff a notice approximately 30 days prior to the order indicating that it had until December 3, 2015, to properly serve the summons and complaint upon the defendant or risk possible dismissal of its action. *See* Ord. to Show Cause at n.2. Although it appears this calculation was off by two days, the plaintiff still had not filed proof of service by December 3, 2015. Thus, the order to show cause was the second notice from this court informing the plaintiff of the possibility that the failure to effect service or show good cause for the failure could result in the dismissal of this action.

The applicable version of Rule 4(m) provides that if the plaintiff fails to serve a defendant within 120 days,

> the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Rule 4(m) "require[s] a court to extend time if good cause is shown and . . . allow[s] a court discretion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

Here, as the plaintiff has failed to respond to either the 90-day notice from the undersigned's civil deputy or the order to show cause, it has not shown good cause for the failure to effect service in this case.  In addition, while the court is cognizant of the possibility that the court could relieve the plaintiff of the consequences even if, as in this case, good cause did not exist, none of the situations discussed in the notes to Rule (4) are applicable here.  *See* Fed. R. Civ. P. 4(m), advisory committee's note (1993) (discussing examples of situations that could justify, in the absence of good cause, a court extending the time for a plaintiff to effect service rather than dismissing the action for a failure to serve).  Moreover, the court can conceive of no reason to excuse the plaintiff from the dismissal of this action.  Accordingly, as the plaintiff has failed to serve the summons and complaint on the defendant, the court will dismiss this action without prejudice under Rule 4(m).

A separate order follows.

BY THE COURT:

/s/ *Edward G. Smith, J.*
EDWARD G. SMITH, J.

3